

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUNIOR LARRY HILLBROOM, an individual,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>BARRY J. ISRAEL, an individual,<br><br>        Defendant - Appellee. | No. 12-16047<br><br>D.C. No. 1:10-cv-00031<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted March 5, 2014
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Junior Larry Hillbroom filed this action in the District Court for the Northern

Mariana Islands, alleging that Barry Israel and others fraudulently induced

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Hillbroom's representative to enter into a retainer agreement for legal services. The district court granted Israel's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and then entered judgment on that order pursuant to Federal Rule of Civil Procedure 54(b). We have jurisdiction over Hillbroom's appeal under 28 U.S.C. § 1291 and 48 U.S.C. § 1824, and reverse and remand.

Hillbroom established a prima facie case for exercising specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (requiring a "prima facie" showing of jurisdictional facts when, as here, the district court does not conduct an evidentiary hearing). First, Hillbroom established that Israel deliberately "engaged in significant activities" within the Commonwealth of the Northern Mariana Islands (CNMI). *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985). The Amended Retainer Agreement required Israel to represent Hillbroom in CNMI legal proceedings and to protect Hillbroom's interests in assets located in the CNMI. Moreover, Israel directed his activities at the CNMI because the Amended Retainer Agreement executed in Guam provided Israel with a greater financial stake in property located in the CNMI. *See Dole Foods Co. v. Watts*, 303 F.3d 1104, 1111–12 (9th Cir. 2002). Consequently, Israel's conduct satisfies the first prong of the specific jurisdiction test regardless of whether we apply the "purposeful availment" test

2

traditionally applied to suits arising in contract or the "purposeful direction" test traditionally applied to suits arising in tort. The significance of those forum ties is not negated simply because Hillbroom was not a resident of the CNMI when he filed suit. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779–80 (1984).

Second, Hillbroom's claim "arises out of or relates to the defendant's forum-related activities." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)) (internal quotation marks omitted). Israel's promised performance in the CNMI was an essential feature of the Amended Retainer Agreement and is the basis for fees collected under the Agreement for which Hillbroom now seeks recoupment.

Third, Israel has not established that asserting jurisdiction would be unreasonable. Israel is a United States citizen who injected himself into CNMI affairs, exercising jurisdiction would not conflict with the sovereignty of Hillbroom's current residence (Vietnam), the CNMI district court can resolve this dispute efficiently, and hearing the case in the CNMI would provide convenient and effective relief. *See Roth v. Garcia Marquez*, 942 F.2d 617, 625 (9th Cir. 1991).

**REVERSED AND REMANDED**.